IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-218-BO(2)

| | |
|---|---|
| CHARLES DEGRAFFENRIEDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the following discovery motions:

1. Plaintiff's Motion to Compel [DE #23];

2. Defendant's Motion to Quash the Deposition of Renee Magee [DE #34];

3. Defendant's Motion to Limit the Frequency or Extent of Discovery [DE #41]; and

4. Plaintiff's Motion to Depose Helene Bayona [DE #47].

The parties have fully briefed the issues presented, and a hearing was held on January 21, 2016. At the hearing of this matter, the court heard the arguments of counsel, announced its ruling on certain motions and took the remaining matters under advisement, having ordered the government to produce certain documents for in camera inspection. For the reasons stated in open court, which are incorporated herein by reference, and the additional reasons set forth herein, the court enters the orders set out below.

## FACTUAL BACKGROUND

This is a federal tort claim action against the United States Postal Service. Plaintiff alleges that on July 19, 2011, while working as a truck driver for a mail transport contractor at a postal facility in Raleigh, a United States Postal Service employee operating a forklift negligently struck

him with the blades of the forklift as he was talking with Eugene Ball.[1] Ball prepared a handwritten statement concerning the incident, as did the forklift operator, Nathaniel Richardson, and another postal employee by the name of Harold Odom. All three statements were provided to Postal Supervisor Williams Burroughs.

On November 22, 2011, Plaintiff filed an administrative claim for injuries resulting from the incident. Helene Bayona was assigned as the tort claim coordinator. As tort claim coordinator, Bayona was tasked, among other things, with obtaining documents concerning the incident, including witness statements. Although Bayona received the statements provided by Richardson and Odom, Burroughs never provided her with the statement made by Eugene Ball, and to date that statement has not been located.

On January 19, 2012, the administrative claim submitted by Plaintiff was returned to him due to his failure to include a sum certain. Plaintiff submitted a second or amended administrative claim on May 29, 2013, but it was not until December 2013 that the United States Postal Service Law Department National Tort Claim Center issued a series of litigation hold notices. Plaintiff's administrative claim was denied after Plaintiff initiated this action on April 11, 2014.

I.      **Defendant's Motion to Quash the Deposition of Renee Magee [DE #34]**

As set forth in the parties' joint status report filed January 8, 2016, and confirmed at the hearing of this matter, Plaintiff no longer intends to depose Renee Magee and has withdrawn his subpoena in this regard. Accordingly, Defendant's motion [DE #34] is hereby DISMISSED AS MOOT.

---

[1] Ball was also working at the facility, but it is not clear whether he was an employee of the United States Postal Service or a contract worker.

## II. Plaintiff's Motion to Compel Discovery [DE #23] & Defendant's Motion to Limit the Frequency or Extent of Discovery [DE #41]

At the hearing of this matter, Plaintiff expressed concern over the missing Ball statement, as well as the government's failure to disclose a large number of the approximately 17,000 electronic documents located based upon the search terms agreed upon by the parties. Plaintiff requested that the government be compelled to disclose the following documents:

1. everything written or submitted by Burroughs prior to this litigation, including documents identified by Bates numbers 1612, 1614, 1616, and 1618;

2. the Form 2198 and other communication with Plaintiff's workers' compensation carrier, including documents identified by Bates numbers 1613, 1615 and 1618; as well as the remainder of the tort claims file; and

3. electronic discovery materials not previously disclosed;

Plaintiff further requested that the government be compelled to provide a more specific privilege log; that Burroughs be precluded from impeaching Ball's testimony at trial based upon Ball's prior statements to Burroughs; and that the court strike the government's contributory negligence defense, which Plaintiff contends is based upon Burroughs' assertions concerning Ball's prior statement.

In light of the government's inability to locate the Ball statement, the government agreed at the hearing of this matter that it will not elicit testimony from Burroughs and that Burroughs will not be allowed to testify to the effect that Ball stated Plaintiff was engaged in horseplay at the time of the incident. As a consequence, Plaintiff's motion is GRANTED in that regard.

Following the hearing in this matter, the court conducted an in camera inspection of seven pages of records withheld by the government on the basis of attorney work-product or attorney-

3

client privilege. The court finds insufficient evidence to support a finding that these documents were prepared in reasonable anticipation of litigation and, therefore, determines that they are not attorney work-product. The court further finds that the following documents are not the product of attorney-client privilege and, therefore, ORDERS that the government produce the same to Plaintiff within ten day of the date of this order: documents identified by Bates numbers 1612, 1613, 1614, 1615, 1617, and 1618. Plaintiff shall further be allowed to inquire into these documents upon deposition of Helene Bayona or Defendant's Rule 30(b)(6) deponent, as appropriate. The court DENIES Plaintiff's motion to compel production of the document identified by Bates stamp number 1618 as the court finds that this document is subject to the attorney-client privilege.

Except as otherwise provided herein, Plaintiff's motion to compel [DE #23] is DENIED and Defendant's motion for protective order [DE #41] is GRANTED.

**III.     Plaintiff's Motion to Depose Helene Bayona [DE #47]**

For the reasons stated in open court, Plaintiff's Motion to Depose Helene Bayona [DE #47] is ALLOWED IN PART. Plaintiff shall be permitted to conduct a two-hour deposition of Ms. Bayona to inquire into the facts obtained and procedure used by Burroughs in his investigation and interview of witnesses concerning the underlying incident.

**IV.     Scheduling Issues**

The parties are hereby directed to meet and confer, in person or by telephone, regarding scheduling matters. Within fourteen days of the date of this order, the parties shall jointly submit to the court a proposed amended scheduling order extending the discovery deadlines to allow the parties sufficient time to conduct depositions, including expert depositions, and extending such other deadlines, as appropriate.

This 1st day of February 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge