IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-218-BO

| | | |
|---|---|---|
| CHARLES DEGRAFFENRIEDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the court on cross-motions for partial summary judgment. The appropriate responses and replies have been filed and the matters are ripe for ruling. Also before the Court are plaintiff's unopposed motion for leave to file and defendant's appeal of an order of a United States Magistrate Judge regarding plaintiff's motion for discovery. For the reasons set forth below, the pending motions for summary judgment are denied, plaintiff's motion for leave to file is granted, and the decision of the United States Magistrate Judge is affirmed.

BACKGROUND

This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*, under which plaintiff alleges claims for negligence and gross negligence under North Carolina law. 28 U.S.C. § 1346(b)(1). Plaintiff alleges that on July 19, 2011, he was a pedestrian in the United States Postal Service processing and distribution center in Raleigh, North Carolina when he was struck from behind by a forklift operated by a Postal Service employee. Plaintiff was working at the time as an employee of Mail Transport Services, LLC, a contractor with the United States Postal Service. Plaintiff alleges he suffered serious and painful bodily injuries as well as pain and suffering as a result of being struck with the forklift.

Plaintiff filed this action on April 11, 2014. Defendant filed its answer, and after a lengthy period of discovery the instant motions were filed. Plaintiff seeks entry of summary judgment in his favor on defendant's affirmative defenses sounding in contributory negligence. Defendant seeks entry of summary judgment in its favor on plaintiff's gross negligence claim. Defendant further appeals the order of United States Magistrate Judge Swank insofar as it requires defendant to respond to plaintiff's request for admission 102, which asks defendant to "admit that defendant had made no determination regarding plaintiff's claim for the incident at issue in this lawsuit before plaintiff filed the instant suit."

## DISCUSSION

I. MOTIONS FOR SUMMARY JUDGMENT

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative

2

or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Plaintiff seeks partial summary judgment on defendant's affirmative defenses sounding in contributory negligence. Under North Carolina law, in order to demonstrate that the plaintiff acted negligently in contribution to his own injury, a defendant must demonstrate "(1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury." *Silverman v. United States*, No. 1:08CV155, 2011 WL 65487, at *8 (M.D.N.C. Jan. 7, 2011) (quoting *Whisnant v. Herrera*, 166 N.C. App. 719, 722 (2004)). "[A] plaintiff's right to recover in a personal injury action is barred upon a finding of contributory negligence." *Cobo v. Raba*, 347 N.C. 541, 545 (1998) (citation omitted).

Defendant seeks partial summary judgment in its favor on plaintiff's gross negligence claim. North Carolina defines gross negligence as "wanton conduct done with conscious or reckless disregard for the rights and safety of others." *Yancey v. Lea*, 354 N.C. 48, 52 (2001) (quoting *Bullins v. Schmidt*, 322 N.C. 580, 583 (1988)). A wanton act is one done with a wicked purpose or one done needlessly. *Id.* The difference between gross and ordinary negligence

> is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others. An act or conduct rises to the level of gross negligence when the *act* is done purposely and with knowledge that such act is a breach of duty to others, i.e., a *conscious* disregard of the safety of others.

*Id.* at 53.

There were at least two witnesses to the incident in question, and the record reveals three distinctly different versions of the facts. Under plaintiff's version, he was standing at the expediter's desk with Eugene Ball waiting for mail to be loaded onto their trucks. Pl's Dep. at 139. Plaintiff and Ball were just standing at the desk, and as Ball told plaintiff to "look" or "watch out" plaintiff was struck with the fork of a forklift in the lower left calf. *Id.* at 143-44.

3

Plaintiff grabbed his leg, turned around, and saw the forklift directly behind him with raised forks. He also saw the forklift operator stick his head around, "kind of snirting," as if to say "hey, did I do that?". *Id.* at 145-46.

Eugene Ball testified that he and plaintiff were standing behind the yellow safety line talking at the expediter's desk when he saw the forklift operator, Nathan Richardson, come around the corner operating the forklift. Ball Dep. at 59-60. Nothing was being carried by the forklift, and Richardson was not engaged in loading or unloading any trucks. *Id.* at 63. The forklift veered suddenly and proceeded toward plaintiff and Ball. Ball stated that it looked to him like Richardson was trying to put the forks between plaintiff's legs just to be funny. *Id.* at 61. A fork on the lift then struck plaintiff. Ball also stated that in the past Richardson had weaved at him while driving the forklift, and Ball noted that "anything swerving at me at two thousand pounds is unsafe, even a notion." *Id.* at 88-89. Ball testified that after plaintiff was struck he appeared to be in pain and hobbled around. Ball Dep. at 94.

Richardson contends that just prior to the incident plaintiff asked him to help load a heavy cart onto his truck using the forklift. Def.'s App'x at 104 [DE 90]. Richardson contends that plaintiff was positioned at the west edge of the door and was leaning in telling Richardson where to place the cart. *Id.* Richardson contends that as he was reversing the forklift out of plaintiff's trailer, the left fork of the fork lift may have come within approximately one foot of plaintiff's leg but that it did not make contact. *Id.* When in reverse, Richardson's forklift would have sounded a loud beep and emitted flashing strobe lights, presumably to alert pedestrians and other vehicles to its location. Richardson Dep. at 100. Richardson further contends that Ball was not standing near plaintiff during the time when plaintiff was allegedly hit. *Id.* at 105. The accident report contains a statement by Richardson that he pulled up to the expediter's desk,

4

shifted the forks, and that plaintiff advised him that the forks hit him on the leg. [DE 87-6 at 5]. Richardson further reported that plaintiff acted as if nothing was wrong, laughed and talked normally, and got in his truck and left. *Id.*

The record therefore does not support an undisputed version of material facts, including whether Richardson was improperly operating the forklift, where plaintiff was standing when he was struck by the fork of the forklift, or indeed whether plaintiff was struck at all. Such dispute precludes a finding on this record as to whether plaintiff engaged in any negligent acts which may have contributed to his injury and as to whether Richardson was engaged in unsafe operation of the forklift rising to the level of reckless or wanton conduct. The cross-motions for partial summary judgment are therefore denied.

II. PLAINTIFF'S MOTION FOR LEAVE

Plaintiff moves, with consent of defendant, for leave to supplement his motion for partial summary judgment to conform to this Court's Local Rules. The motion is granted. Plaintiff's statement of material facts and appendix to his statement of material facts [DE 91-1; 91-2] are deemed timely filed as of the date of filing of plaintiff's motion for partial summary judgment.

III. APPEAL OF MAGISTRATE'S ORDER

Any party may appeal from a magistrate judge's order, and the Court shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Local Civil Rule 72.4(a). Defendant appeals Magistrate Judge Swank's order directing it to respond to plaintiff's request for admission 102. The Court has reviewed the Magistrate Judge's ruling and does not find it to be clearly erroneous or contrary to law. The decision of the Magistrate Judge is therefore affirmed.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for partial summary judgment [DE 85] is DENIED, defendant's motion for partial summary judgment [DE 87] is DENIED, and plaintiff's motion for leave [DE 91] is GRANTED. The decision of the United States Magistrate Judge is AFFIRMED. The clerk is DIRECTED to refer this matter to the assigned United States Magistrate Judge for pretrial conference.

SO ORDERED, this 17 day of October, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE